FILED
2019 Jan-17  PM 04:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF ALABAMA
## WESTERN DIVISION

D'ANDREA ELLIS, an individual,   )

   )

   )

Plaintiff,   )

   )

   )

   )

v.   )

   )

   )

   )

   )   **CASE NO.:** _____

   )

   )

   )

**BERNABE RAMIRO SANCHEZ,**   )

**an individual, ROYAL EXPRESS**   )

**INC., a corporation;**   )

   )

**"A", "B" and "C", whether** )
**singular or plural, the person, firm,** )
**corporation, partnership, LLC, or** )
**other entity owning the vehicle** )
**which struck the motor vehicle** )
**operated by Plaintiff D'ANDREA** )
**ELLIS on the occasion made the** )
**basis of this suit; "D", "E" and** )
**"F", whether singular or plural,** )
**the person, firm, corporation,** )
**partnership, or other entity on** )
**whose behalf the vehicle was being** )
**operated by an underinsured** )
**motorist, on the occasion made the** )
**basis of this suit; "G", "H" and** )
**"I", being the driver of the motor** )

vehicle which struck the motor )
vehicle operated by Plaintiff )
D'ANDREA ELLIS on the )
occasion made the basis of this suit; )
"J", "K" and "L", whether )
singular or plural, being the )
person, firm, corporation, )
partnership, or other entity which )
insured the vehicle driven )
and/or owned by the )
aforementioned fictitious )
Defendants and/or the )
underinsured motorist, which )
struck the vehicle operated by )
Plaintiff D'ANDREA ELLIS on )
the occasion made the basis of this )
lawsuit. Plaintiffs aver that the )
identity of the fictitious party )
Defendants is otherwise unknown )
to Plaintiffs at this time, or if their )
names are known to Plaintiffs, )
their identity as proper party )
Defendants is not known to )
Plaintiffs at this time, but their true )
names and identities will be )
substituted by amendment when
ascertained,

       **Defendants.**

## PLAINTIFF'S COMPLAINT

## PARTIES

1. Plaintiff, D'ANDREA ELLIS, is an individual resident citizen of the State of

    Alabama and is over the age of nineteen (19) years of age.

2.  Defendant, BERNABE RAMIRO SANCHEZ, is an individual over the age of nineteen (19) and upon information and belief, is a resident citizen of the country of Mexico.

3.  Defendant ROYAL EXPRESS, INC is a Texas corporation with its principal place of business in Laredo, Texas.

4.  Fictitious Defendants A, B, and C, whether singular or plural, is the person, firm, corporation, partnership, or other entity owning the vehicle which caused the collision with the vehicle Plaintiff D'ANDREA ELLIS was operating, on the occasion complained of in this lawsuit.

5.  Fictitious Defendants D, E, and F, whether singular or plural, is the person, firm, corporation, partnership, or other entity on whose behalf the vehicle was being operated by the underinsured motorist, on the occasion made the basis of this lawsuit.

6.  Fictitious Defendants G, H, and I, is the driver of the motor vehicle which caused the collision with the vehicle Plaintiff D'ANDREA ELLIS on the occasion made the basis of this lawsuit.

7.  Fictitious Defendants J, K and L whether singular or plural, is the person, firm, corporation, partnership, or other entity which insured the vehicle driven and/or owned by fictitious Defendants and/or the underinsured motorist,

which caused the collision with the vehicle Plaintiff D'ANDREA ELLIS was

operating on the occasion made the basis of this lawsuit.

## JURISDICTION AND VENUE

8. The amount in controversy exceeds $75,000.00.

9. The collision made the basis of this lawsuit occurred in Tuscaloosa County,

   Alabama, which is located in the Northern District of Alabama, Western

   Division.

10. Complete diversity exists between the parties.

## FACTS

11. On or about the 12th of November, 2018 Plaintiff D'ANDREA ELLIS was

   driving his GMC Yukon Denali and was traveling southbound on Daimler

   Boulevard, approaching the intersection of the I-59 service road in Tuscaloosa

   County, Tuscaloosa, Alabama.

12. At the same time, Defendant BERNABE RAMIRO SANCHEZ, who was

   operating a tractor trailer on behalf Defendant ROYAL EXPRESS, INC, was

   traveling westbound on Interstate 59 service road on the southbound side in

   Tuscaloosa County, Tuscaloosa, Alabama.

13. Defendant BERNABE RAMIRO SANCHEZ, was required to stop at a stop

   sign before entering the intersection of Daimler Benz Boulevard. However,

   Defendant BERNABE RAMIRO SANCHEZ failed to adhere to the stop sign

and negligently and wantonly entered the intersection.

14. After Defendant BERNABE RAMIRO SANCHEZ ran the stop sign, Defendant BERNABE RAMIRO SANCHEZ struck Plaintiffs vehicle, causing the Plaintiff's vehicle to be forced off of the road and into a ditch.

15. As a proximate consequence of Defendants' negligent and/or wanton conduct, Plaintiff suffered physical injuries as set forth below.

## COUNT ONE - NEGLIGENCE

16. Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

17. At the aforesaid time and place, Defendant BERNABE RAMIRO SANCHEZ was negligent in the operation of the commercial motor vehicle he was driving and said negligence caused a collision between his vehicle and the vehicle occupied by the Plaintiff.

18. As a result of the acts and/or omissions of the above-described Defendant, Plaintiff D'ANDREA ELLIS was injured and damaged as follows:

   a. He suffered injuries to various portions of his body, including but not limited to a broken right arm requiring surgical repair, and head, neck, back and left knee injuries
   b. He has experienced and continues to experience pain and suffering;
   c. He is reasonably certain to experience pain and suffering into the future;
   d. He has experienced and continues to experience mental anguish;
   e. He is reasonably certain to experience mental anguish in the future;
   f. He was knocked, shocked, bruised and contused over various portions of his body;
   g. He was permanently injured, disfigured and damaged;

h.  He was caused to incur personal injury medical expenses for treatment from various doctors, physicians and hospitals;

i.  He was caused to incur out-of-pocket medical expenses;

j.  He is reasonably certain to incur personal injury medical expenses in the future;

k.  He was caused to suffer both past and future lost wages, loss of income, loss of earnings capacity, and lost employment benefits; and

l.  His vehicle was torn, twisted and otherwise damaged.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine together with interest from the date of the injury plus the costs of this action.

## COUNT TWO - WANTONNESS

19. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

20. At the aforesaid time and place, Defendant BERNABE RAMIRO SANCHEZ was wanton in his operation of the subject commercial motor vehicle, as the result of failing to stop at a lawfully required stop sign with knowledge that he was approaching an intersection. Said wantonness caused a collision between his vehicle and the vehicle occupied by Plaintiff.

21. As a proximate consequence of the wantonness of Defendants, and/or fictitious defendants, Plaintiff was injured and damaged as set forth in paragraph eighteen (18).

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment

against Defendant for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT THREE – RESPONDEAT SUPERIOR

22.   Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

23.   At the time and place of the incident made the basis of this suit, Defendant BERNABE RAMIRO SANCHEZ was operating a commercial motor vehicle in the line and scope of his employment for Defendant ROYAL EXPRESS, INC. As such, Defendant BERNABE RAMIRO SANCHEZ was an agent and/or employee of Defendant ROYAL EXPRESS, INC. Defendant ROYAL EXPRESS, INC. was the master or principal of Defendant BERNABE RAMIRO SANCHEZ and is vicariously liable for his actions. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT FOUR– NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND RETENTION

24. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set

forth herein.

25.    At the time of the occasion made the basis of this lawsuit, and for some time prior thereto, Defendant ROYAL EXPRESS, INC. was responsible for the hiring, training, supervising, and retention of Defendant BERNABE RAMIRO SANCHEZ. Defendant ROYAL EXPRESS, INC. negligently and/or wantonly failed to hire, train, supervise, and retain Defendant BERNABE RAMIRO SANCHEZ. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT FIVE – NEGLIGENT/WANTON ENTRUSTMENT

26. Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

27. At the time of the accident made the basis of this Complaint, Defendant ROYAL EXPRESS, INC. was the owner of, and had the right of control over the use of the commercial vehicle driven by Defendant BERNABE RAMIRO SANCHEZ. Defendant ROYAL EXPRESS, INC. negligently and/or wantonly entrusted said vehicle to Defendant BERNABE RAMIRO SANCHEZ who negligently and/or

wantonly operated said vehicle injuring the Plaintiff. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.

Respectfully Submitted,

Sara L. Williams (ASB-3340-S56W)
Attorney for Plaintiff


**OF COUNSEL**
SHUNNARAH INJURY LAWYERS, P.C.
3626 Clairmont Avenue
Birmingham, Alabama 35222
Phone:          (205) 983-8140
Facsimile:      (205) 983-8440
Email:          swilliams@asilpc.com

Plaintiff's Address:
D'Andrea Ellis
c/o Sara L. Williams
Shunnarah Injury Lawyers, P.C.
3626 Clairmont Avenue
Birmingham, AL 35222

## DEFENDANT TO BE SERVED VIA PROCESS SERVER AS FOLLOWS:

**BERNABE RAMIRO SANCHEZ**
**Aliso #5542 Los Encinos**
**Nuevo Laredo, Tamaulipas, Mexico 88290**

**ROYAL EXPRESS, INC**
**c/o Eduardo J. Hernandez**
**205 Sunset Loop**
**Laredo, Texas 78046**